**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RUTH DELIZ

v. C.A. NO: 05-183L

CCF, LLC d/b/a WENDY'S, THE PARADIGM GROUP and WENDY'S INTERNATIONAL, INC.

**DEFENDANTS CCF, LLC d/b/a WENDY'S, THE PARADIGM GROUP and WENDY'S INTERNATIONAL, INC.'S PRE-TRIAL MEMORANDUM**

## I. WHAT DEFENDANTS CCF, LLC d/b/a WENDY'S, THE PARADIGM GROUP AND WENDY'S INTERNATIONAL, INC. EXPECT TO BE PROVEN IN DEFENSE

On or about January 13, 2003, Plaintiff and her late husband, David Morales, were en route from a friend's home in Providence, RI to their home in Reading, PA. Plaintiff and her husband stopped at the Wendy's on New London Turnpike in Coventry, Rhode Island. Upon completing her meal, Plaintiff went to use the restroom in the restaurant. When attempting to exit the restroom, Plaintiff fell and sustained a fracture to her right tibia. Plaintiff's husband entered the restroom to assist the Plaintiff and Plaintiff was transported by ambulance to Kent County Memorial Hospital.

The next day, Plaintiff's husband and two family friends, Rebecca Ramos and Jose Ramos returned to the Wendy's restaurant and inspected the bathroom. Plaintiff has never personally returned to the Wendy's restaurant since her fall. David Morales and the Ramos' returned to Kent County Memorial Hospital, where they informed Plaintiff that there was a drain in the floor with one loose screw and one missing screw.

In her Complaint, Plaintiff claims that, "she was caused to slip, trip, stumble and fall, due to a defect in a drain and/or grate and/or floor, resulting in serious injury. Plaintiff further alleges that Defendants, "knew or should have known of the existence of the defect in the drain and/or grate and/or slippery and dangerous condition of the floor prior to the Plaintiff's fall."

Defendants expect to prove that Wendy's restaurant had no notice of a defective condition that was unreasonably dangerous prior to the time that Ruth Deliz fell. Moreover, even after Ruth Deliz fell, no dangerous condition was ever discovered in the ladies room. Specifically, the grate in the drain of the ladies room was not discovered to have been loose or in disrepair. As of October, 2006, the drain was in the same condition as it was both prior to and at the time of Plaintiff's incident.

To this day, there has been no repair to the grate in the floor of the ladies room at Wendy's restaurant in Coventry, Rhode Island. The grate remains in place as it was prior to the alleged incident. Defendant has records for all maintenance and repairs that were done to the restaurant prior to and since the incident. No maintenance or repair has ever been performed upon the grate over the drain in the ladies room floor.

Plaintiff's main contentions center around the drain in the floor. A police officer who responded to the scene of the incident with the ambulance filed a report noting his observations of the ladies room. The officer's report indicates that the "floor in restroom appeared dry, no signs of foul play". The officer did not observe a loose grate over a drain in the floor of the ladies room either.

By her own admission, Plaintiff concedes that she did not observe the condition of the drain, or even notice the presence of a drain, but only later concluded that the drain must have been the cause of her fall based on the representations made to her by her husband and two family friends.

Defendants expect to prove that Plaintiff's own deposition testimony negates her claim that she slipped, tripped, or stumbled due to a slippery condition of the floor. Plaintiff cannot articulate any facts showing any factual dispute as to the condition of the floor. As such, Plaintiff cannot establish that the Defendants breached a duty to her in allowing an unreasonably dangerous condition exist on the floor in the ladies' restroom. Furthermore, Plaintiff cannot establish, regardless of the condition of the drain as reported by her husband and the Ramos', whether the drain was in that reported condition at the time of her fall.

Defendants further expect to prove that the Plaintiff never saw the drain cover, either at the time of the incident or subsequent thereto. Rather, the only information Plaintiff has regarding the drain cover came from second-hand reporting by Rebecca

Ramos and Jose Ramos. Plaintiff concedes that she has no personal knowledge of the condition of the drain, and can point to no specific facts in her knowledge to show that the condition of the drain in fact caused her fall.

By her own admission, Plaintiff is unable to articulate specific facts as to what caused her to fall nor can she articulate any specific facts to support the allegations of causation in her Complaint. Plaintiff's allegation that a loose drain cover caused her fall is based on mere speculation, not specific facts. In her answers to interrogatories, Plaintiff claims that the drain cover moved when she stepped on it. However, in her deposition testimony, Plaintiff concedes that she does not know if she stepped on the drain cover, and in fact, admits that she was not aware of a drain cover until some time after her fall.

Finally, the Defendants expect to prove that while Plaintiff suffered a right tibia fracture with minimal displacement of the distal tibia, Mrs. Deliz's ability to ambulate is affected by long standing and pre-existing muscular sclerosis and severe scoliosis of the spine. As such, the connection between the Plaintiff's fall and any claims for continuing difficulty ambulating allegedly resulting from the fall is tenuous. Furthermore, the Plaintiff suffered no lost wages or loss of earning capacity as a result of the incident. Mrs. Deliz's medical treatment was somewhat short lived

In summary, these defendants expect to prove that;

1.) The Defendants were not aware of, and had no reason to be aware of, any defect in the floor of the restroom in question on January 13, 2003, whether relative to the floor, or to the drain.

2.) The Plaintiff cannot demonstrate that there was any defect or condition of the restroom floor on January 13, 2003, which caused her to fall.

3.) The Plaintiff's contention that a defect in the floor caused her to fall is not based in her own knowledge, but of subsequent second-hand observations by third parties.

4.) Any continuing difficulty in ambulation is not proximately caused by Plaintiff's fall, but rather is due to her pre-existing muscular sclerosis and severe scoliosis of the spine.

## II. WITNESSES EXPECTED TO TESTIFY ON BEHALF OF DEFENDANTS

1.) Osto Mercer: Mr. Mercer is the Director of Operations for CCF, LLC-The Paradigm Group. Mr. Mercer will testify that neither before nor since incident sued upon, has any work been required to the floor of the ladies room of the Wendy's Restaurant in question. Mr. Mercer's job duties are to oversee daily operations of all the Wendy's restaurants owned by the Paradigm Group. Mr. Mercer will also testify as to the policies and procedures of The Paradigm Group as regard inspections and maintenance of facilities.

2.) Brian Murphy: Brian Murphy was the Assistant Manager on duty at the time of the incident sued upon. He will testify as to the events surrounding the incident and the condition of the floor of the ladies' room at the Wendy's Restaurant.

3.) Sergeant Bryan Ricci, Coventry Police Department: Sergeant Ricci was the responding police officer to the scene of the incident sued upon. He will testify as to the condition of the restroom as he observed it immediately following the Plaintiff's fall.

## III. MEMORANDUM OF LAW

### Applicable Law of Premises Liability

"Premises liability law in Rhode Island imposes an affirmative duty upon owners and possessors of property: to exercise reasonable care for the safety of persons reasonably expected to be on the premises including an obligation to protect against the risks of a dangerous condition existing on the premises, provided the landowner knows of, or by the exercise of reasonable care would have discovered, the dangerous condition." Kurczy v. St. Joseph Veterans Association, Inc., 820 A.2d 929, 935 (R.I.2003) (int'l citations omitted). Furthermore, a "plaintiff also must prove that the condition existed for a long enough time so the owner of the premises should have taken steps to correct the condition." Lieberman v. Bliss-Doris Realty Associates, L.P., 819 A.2d 666, 671 (R.I. 2003). Finally, "a plaintiff in a slip and fall case must present evidence of an unsafe condition on the premises of which the defendant was aware or should have been aware, and that the condition existed for a long enough time so the owner of the premises should have taken steps to correct the condition." Bromaghim v. Furney, 808 A.2d 615, 617 (R.I. 2002).

In Kurczy, 820 A.2d 929, the Plaintiff brought suit for a fall down an unlit stairwell at a wedding reception held on the Defendant's premises. In denying the Defendant's motion for judgment as a matter of law, the Court held that reasonable minds could differ as to whether the Defendant knew or should have known of the absence of a light bulb in a stairwell around which children were playing.

As applied to the instant case, however, the same factors are not present. As stated above, an owner or possessor of land has a duty of reasonable care to discover and dangerous conditions on the premises. In Kurcy, the Defendant, by reasonable inspection, could have detected the absence of lighting and remedied the defect. In the instant case, however, the Defendant did exercise reasonable care by frequent inspections of the premises and did not discover any dangerous or defective condition.

Lieberman v. Bliss-Doris Realty Associates, L.P. also involved a fall down stairs in an unlit area. However, the Court reversed the Superior Court's grant of a new trial to the Plaintiff where the Defendants argued *inter alia* that they could not be charged with notice where the plaintiff presented no evidence suggesting the occurrence of any similar incidents in the stairwell, and where the absence of lighting was not caused by any act of the defendants but rather by a maintenance employee switching off the light. Lieberman, 819 A.2d at 670.

As in Lieberman, the Defendants here cannot be charged with notice as there is no evidence to suggest that any similar events or complaints of unsafe condition occurred or were reported. As such, Plaintiff cannot prove a necessary element of her claim, and judgment should enter in favor of the Defendants.

The primary issue in this case is notice. There is no evidence to suggest that the Defendants in this case knew or had any reason to know of any defect in the floor or in the drain grate in the ladies' room at the Wendy's restaurant in Coventry on or before the incident sued upon. Furthermore, no work was ever ordered or required to the floor of the ladies' room before or since the incident. The Plaintiff cannot show that there was any such defective or dangerous condition, nor can she show that any Defendant knew or had reason to know of any such condition. Simply put, as applied to the cases cited above, the Plaintiff has not presented evidence of an unsafe condition on the premises. She cannot identify any condition which caused her fall, but only relies on the

representations of third parties. Furthermore, there is no evidence to suggest that there was in fact a defective or dangerous condition in the restroom for any period of time prior to the Plaintiff's fall of which the Defendants were aware or should have been aware.

## IV. **EXHIBITS EXPECTED TO BE INTRODUCED BY THE DEFENDANTS**

A. Wendy's Operational Procedures Manual. This will be used to demonstrate the procedures relative to cleaning maintenance of the facilities in a Wendy's restaurant.

B. Wendy's Crew Training DVD. This will be used to demonstrate the procedures relative to cleaning maintenance of the facilities in a Wendy's restaurant.

C. Repair Bills for Wendy's Restaurant, Coventry, Rhode Island December, 2002 to November 26, 2003. These will be used for the purpose of showing that Defendants had no notice of any defective or dangerous condition. Furthermore, these documents show that no repairs were made to the ladies' room either prior to or subsequent to the incident sued upon and that any repairs made were made to other parts of the building unrelated to the incident in suit.

D. Coventry Police Department Call Sheet. This will be used for the purpose of showing the condition of the floor of the ladies' room immediately subsequent to the Plaintiff's fall.

E. Deposition testimony of Plaintiff Ruth Deliz. This will be used for the purpose of showing that Plaintiff could not at the time, nor subsequently, identify the cause of her fall and could not identify any defective or dangerous condition existing in the restroom at the time of her fall. This will also be used to show that Plaintiff's identification of the drain grate in the floor of the restroom is not based upon her own personal knowledge. This will also be used to demonstrate the extent of Plaintiff's pre-existing conditions of Scoliosis and Muscular Dystrophy.

F. Plaintiff's Answer to Defendants' Interrogatory No. 8. This will be used to demonstrate that Plaintiff cannot establish her claim of financial detriment and loss for her alleged inability to attend to her usual duties and occupation.

G. Plaintiff's Answer to Defendants' Interrogatory No. 9. This will be used to show that the Plaintiff's identification of the drain grate in the floor of the restroom is not based upon her own personal knowledge.

H. Plaintiff's Answer to Defendants' Interrogatory No. 20. This will be used in conjunction with other answers to interrogatories to demonstrate that Plaintiff's identification of the cause of her fall is not based upon her own personal knowledge.

## V. DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### Burden of Proof

1. The burden of proof rests with the Plaintiffs. The Plaintiffs must prove their case by a fair preponderance of the evidence, that is, the greater weight of evidence; and further, the Plaintiffs must prove each and every essential element of their case by the same fair preponderance of the evidence. Ionata v. Groise, 107 R.I. 478; 268 A.2d 444 (1970).

2. The term "burden of proof" consists of two different concepts. The first concept, known as the "burden of persuasion," requires the Plaintiffs to establish the truth of a given proposition in this case by a preponderance of the evidence. The second concept, known as "the burden of going forward" with the evidence, refers to which party holds the burden of proof which, in this case, is the Plaintiffs. Murphy v. O'Neill, 454 A.2d 248 (R.I. 1983).

3. The Defendants are not required to prove anything in this case. The Plaintiffs have the burden of proof, and that burden always remains with the Plaintiffs, and unless the Plaintiffs can carry that burden of proof, they are not entitled to your verdict. Coia v. Eastern Concrete Products, 85 R.I. 128; 127 A.2d 858 (1956).

4. The Defendants are under no obligation to disprove that which the Plaintiffs assert or claim. Rather, the Plaintiffs must affirmatively prove that which they assert or claim. Id.

5. The plaintiff is not entitled to recover merely because he suffered an injury. Id.

6. The mere happening of the plaintiff's injury does not justify an inference that the defendant was negligent or that any such negligence proximately caused the plaintiff's injuries. Kilgore v. Shepard Co., 52 R.I. 151, 158 A. 720 (1932).

### Negligence

7. The invitation of a store owner or land owner inviting people onto the premises does not make the store owner or land owner an insuror or guarantor of the safety of those who accept the invitation. A store owner or land owner is not imposed with the duty of anticipating and protecting people that come upon the property against the unlikely or improbable. A store owner's or land owner's duty is simply to use reasonable care under the circumstances. O'Brien v. State of Rhode Island, 555 A.2d 334 (R.I. 1989); Terry v. Central Auto Radiators, Inc., 732 A.2d 713 (R.I. 1999); Cutroneo v. F.W. Woolworth Co.,

315 A.2d 56 (R.I. 1974); Enos v. W.T. Grant Company, 294 A.2d 201, 110 R.I. 523, 526 (1972).

8. The Plaintiff must prove that the condition which caused her alleged injuries was known to exist by the Defendants or existed for a sufficiently long period of time so as to afford the Defendants reasonable notice of its existence and that the Defendants, after being afforded such notice, failed to remedy the condition, or, alternatively, to warn the Plaintiff of its existence. The Plaintiff must prove that the condition existed for long enough period of time that the owner of the premises should have taken step to correct the condition. Lombardi v. Dryden Corp., 330 A.2d 416, 114 R.I. 202 (1975). Bromaghim v. Furney, 808 A.2d 615, 617 (R.I. 2002).

9. The Plaintiff must prove what caused her to fall. If you find that plaintiff was unable to prove what caused her to fall, by a preponderance of the evidence, you must return a verdict for the Defendants. Wyzga v. Harley Company, 199 A. 452, 60 R.I. 480 (1938).

10. The Plaintiff herself has a duty to look out for her own well-being and safety. R.I.G.L. 9-20-4, as amended 1972; Zielinski v. Riley, 199 A. 693, 61 R.I. 14 (1938); Lawton v. Vadenois, 122 A.2d, 138, 84 R.I. 116, 120-121 (1956); Taglione v. Tourtellot & Co., 214 A.2d 853, 100 R.I. 292, 296-297 (1965).

11. A Plaintiff has the duty to look and see what there is to be seen. It avails a Plaintiff nothing to say that she looked and saw nothing where, if she had looked, she would have seen something. R.I.G.L. 9-20-4, as amended 1972; Zielinski v. Riley, 199 A. 693, 61 R.I. 14 (1938); Lawton v. Vadenois, 122 A.2d, 138, 84 R.I. 116, 120-121 (1956); Taglione v. Tourtellot & Co., 214 A.2d 853, 100 R.I. 292, 296-297 (1965).

Failure to see what there is to be seen is negligence. Id. Thus, if you find that the Plaintiff failed to see what caused her to fall, then you may return a verdict for the Defendants.

**Witnesses**

12. In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(a) The opportunity and ability of the witness to see or hear or know the things testified to;
(b) The witnesses' memory;
(c) The witnesses' manner while testifying;
(d) The witnesses' interest in the outcome of the case and any bias or prejudice;
(e) Whether other evidence contradicted the witnesses' testimony
(f) The reasonableness of the witnesses' testimony in light of all the evidence; and

(g) Any other factors that bear on believability. In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail. These are some of the factors you may consider in deciding whether to believe testimony. The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

All of these matters are for you to consider in finding the facts. 9th Cir. Civil Jury Instr. 3.07 (1993) and 9th Cir. Civil Jury Instr. 12.06 (1985).

13. Expert testimony is handled in the same manner as any other testimony. You are not bound by the testimony of an expert. You can consider the expert testimony in the same manner you consider the testimony of any other person. It may be put to the same test and weighed in accordance with these instructions. You may accept it or reject it and give it as much weight as you think it deserves, considering the expert witnesses' education and experience, the reasons given for the opinion, and all other evidence in the case. 9th Cir. Civil Jury Instr. 3.08 (1993).

**Damages**

14. In order to recover damages in a negligence action, the Plaintiffs have the burden of proving damages by a fair preponderance of the evidence. Tom Shaw, Inc. v. Derecktor, 639 F.Supp. 1064 (D.R.I. 1986).

15. An award of damages must rest on legally competent evidence establishing the nature and extent thereof and may not be the result of speculation or conjecture. White v. LeClerc, 444 A.2d 847 (R.I. 1982), appeal after remand 468 A.2d 289 (R.I. 1983).

16. Although mathematical exactitude is not required, the damages must be based on reasonable and probable estimates. R.I. Turnpike v. Bethlehem Steel Corp., 379 A.2d 344 (1977).

17. The fact that I instruct you on the proper measure of damages should not be considered by you as an indication that you are to award damages or that I have any view on whether you should award damages in this case. I am merely required to do this to make these instructions complete.

18. Damages must be reasonable. If you should find that the Plaintiff is entitled to a verdict, you may award her only damages for injuries she sustained as a

result of the accident on January 13, 2003. You are not permitted to compensate Ms. Deliz or award her any money for injuries, medical expenses or pain and suffering that she sustained due to conditions or injuries which were not caused by the accident of January 13, 2003.

**Sympathy**

19. Your verdict must be entirely free of sympathy, compassion or prejudice. Orseman v. G.D. Searle Co., 388 F.Supp. 1175 (D.R.I. 1975).

20. Sympathy, compassion and empathy for this plaintiff cannot be considered by you in considering your verdict. Indeed, if your decision is based on sympathy, compassion or empathy, then it will be a disservice to both parties.

## VI. PROBABLE LENGTH OF TRIAL

Defendants estimate the length of trial to be approximately one week.

Defendants,
By their Attorneys:

/s/ Michael R. De Luca

Michael R. De Luca, # 3663
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 fax
mrd@gsm-law.com

## CERTIFICATION

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

The document has been filed electronically and it is available for viewing and downloading from the ECF system. I hereby certify that on the 12th day of January, 2007, a true and correct copy of the within was mailed first class, postage pre-paid to the above address.

/s/ Michael R. De Luca